**Fernando Gonzalez NERIS and Juana Maria Manjarrez Quintero, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–73739.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 9, 2010.

Filed Aug. 13, 2010.

---

Fernando Gonzalez Neris, Modesto, CA, pro se.

Juana Maria Manjarrez Quintero, Modesto, CA, pro se.

Peter Singh, Esquire, Peter Singh & Associates, P.C., Fresno, CA, Darcy L. Muilenburg, Esquire, Meredith E. Nikkel, Esquire, John Stewart Poulos, Esquire,

Pillsbury Winthrop Shaw Pittman LLP, Sacramento, CA, for Petitioners.

David V. Bernal, Assistant Director, OIL, Tim Ramnitz, Trial, U.S. Department of Justice, Washington, D.C. Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM *

Fernando Gonzalez Neris and Juana Manjarrez Quintero (collectively, "Petitioners") petition for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen their removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

**1.** We determine our own jurisdiction de novo. *Luu–Le v. INS,* 224 F.3d 911, 914 (9th Cir.2000). The BIA may grant a motion to reopen where the movant offers new, material evidence that could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1). These requirements of 8 C.F.R. § 1003.2(c)(1) are judicially reviewable. *See Kucana v. Holder,* —— U.S. ——, 130 S.Ct. 827, 838–39, —— L.Ed.2d —— (2010); *Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006). Here, we have jurisdiction to review the BIA's denial of a motion to reopen because the BIA denied Petitioners' motion to reopen for failure to satisfy 8 C.F.R. § 1003.2(c)(1). *Id.*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**2.** The BIA may grant a motion to reopen where it presents material evidence that "was not available and could not have been discovered or presented at the former hearing." *INS v. Abudu*, 485 U.S. 94, 98 n. 2, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); 8 C.F.R. § 1003.2(c)(1). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008). Here, each of Petitioners' three supporting pieces of evidence could have been discovered and presented at their initial removal hearing. First, Petitioners' medical report stating that their son's asthma and anemia "interact synergistically" against him recharacterizes his preexisting medical conditions, which were before the IJ and BIA in the former proceeding. *Cf. Sida v. INS*, 665 F.2d 851, 853 (9th Cir.1981). Second, Petitioners' medical report concerning their daughter reiterates her prior asthma diagnosis and history of childhood anemia and pneumonia, all of which were presented in the former proceeding. Finally, Petitioners' declaration in support of their motion to reopen is substantially similar to their declaration supporting their original cancellation application. We conclude that the BIA did not abuse its discretion in denying the motion to reopen.

Accordingly, the petition for review is **DENIED.**